UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODETTE FRANCO, on behalf of herself and all others similarly situated, | Civil Action Number: |
| Plaintiffs, | **CIVIL ACTION** |
| | **CLASS ACTION COMPLAINT** |
| | **AND** |
| -against- | **DEMAND FOR JURY TRIAL** |
| I.C. SYSTEM, INC. | |
| Defendant. | |

Plaintiff ODETTE FRANCO (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, The Law Office of Alan J. Sasson, P.C., against Defendant I.C. SYSTEM, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §1692(b),(c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

6. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**7.** Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with an office maintained in Saint Paul, Minnesota.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a (6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- All New York consumers who received a collection letter from the Defendant attempting to collect an obligation owed to or allegedly owed to Prosper Marketplace, Inc. ("Prosper"), that contain the alleged violation arising from Defendant's violation of 15 U.S.C. §§1692g and 1692e, *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a.      Whether Defendant violated various provisions of the FDCPA;

  b.      Whether Plaintiff and the Class have been injured by Defendant's

conduct;

c.      Whether Plaintiff and the Class have sustained damages and are

entitled to restitution as a result of Defendant's wrongdoing and if

so, what is the proper measure and appropriate statutory formula to

be applied in determining such damages and restitution; and

d.      Whether Plaintiff and the Class are entitled to declaratory and/or

injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as

monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS PARTICULAR TO ODETTE FRANCO

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to October 10, 2016, an obligation was allegedly incurred by Plaintiff to Prosper.

16. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The alleged Prosper obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. Prosper is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. At a time known only to Defendant, Prosper, directly or through an intermediary, contracted Defendant to collect Prosper's debt.

22. In its effort to collect on the Prosper obligation, Defendant contacted Plaintiff by written correspondence on October 10, 2016. *See* **Exhibit A.**

23. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a (6).

24. The Letter is a "communication" as defined by 15 U.S.C. § 1692a (2).

25. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

26. One such requirement is that the debt collector provides "the amount of the debt." 15 U.S.C. §1692g(a)(1).

27. Defendant's October 10, 2016 communication only indicates that Plaintiff has a "Balance Due [of] $9,743.37"

28. However, despite the apparent accrual of interest and other charges, said communication fails to state whether that balance is static or dynamic in violation of this Circuit's case law (*See infra*).

29. The above statements would leave the least sophisticated consumer unsure as to whether additional fees would accrue, as Defendant only provides Plaintiff with its "Balance Due" as of the date of the communication.

30. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

31. Congress adopted the provisions of section 1692f with the stated intent to prohibit debt collectors from attempting collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

32. Defendant's attempt at collecting more than what it initially stated was owed is exactly the type of harm Congress contemplated when enacting Section 1692f.

33. As such, Defendant's violations of the FDCPA created the risk of real harm that the Plaintiff would overpay and thereby incur a significant monetary deficit due to Defendant's actions, when in reality; the amount allegedly owed on the debt would preclude such action.

34. Defendant's actions as described herein are part of a pattern and practice used to collect debts.

35. As set forth in the following Counts Defendant violated the FDCPA.

**First Count**
**Violation of 15 U.S.C. §1692g**
**Amount of Debt**

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

38. One such requirement is that the debt collector provides "the amount of the debt." 15 U.S.C. §1692g(a)(1).

39. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

40. 15 U.S.C. § 1692g requires debt collectors to inform debtors of their account balance and to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

41. Defendant's collection letter violated 15 U.S.C. § 1692g by failing to include the safe harbor language set out in *Avila*, 817 F.3d at 76.

42. An unsophisticated consumer would be left uncertain by the said letter as to whether the said

account was accruing interest and/or fees or not.

43. Pursuant to section 5001 of New York Civil Practice Law and Rules, a creditor shall recover prejudgment interest "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); see also *Rhodes v. Davis*, 628 Fed. Appx. 787, 794 (2 Cir. 2015). (Under New York Law, "[i]nterest is generally mandatory "upon a sum awarded because of a breach of performance of a contract . . . ." (citing Id. §5001(a))).

44. Section 5004 sets the rate of prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004. When calculating the interest due, it "shall be computed from the earliest ascertainable date the cause of action existed." *Id*. § 5001(b).

45. "In New York, a breach of contract cause of action accrues at the time of the breach." *Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 599 N.Y.S.2d 501 (1993) (citations omitted).

46. "New York law provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is to be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b), at the rate of nine percent per annum, N.Y. C.P.L.R. § 5004. Accordingly, Plaintiffs are entitled to prejudgment interest on the installments that were not timely paid." *Kasperek v. City Wire Works, Inc*., No. 03 CV 3986 (RML), 2009 U.S. Dist. LEXIS 19803, at *8 (E.D.N.Y. Mar. 12, 2009).

## Second Count
### Violation of 15 U.S.C. § 1692e
### Misleading Representations Regarding Amount of Debt

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
>
> the character, amount, or legal status of any debt; or
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

49. The "Balance Due [of] $9,743.37" in this case was for an amount that included original principal and contractual interest.

50. Collection notices that state only the Balance Due but do not disclose that the balance might increase due to interest are "misleading" within the meaning of Section 1692e.

51. The Plaintiff was left uncertain as to whether the "Balance Due [of] $9,743.37" was accruing interest as there was no disclosure that indicated otherwise.

52. Plaintiff was left unsure whether the "Balance Due [of] $9,743.37" would accrue any type of additional interest as there was no disclosure that indicated otherwise.

53. To the extent that the Creditor or Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

54. Defendant was required to include a disclosure that automatically accrued interest was accruing, or in the alternative, the creditor has made an intentional decision to waive the automatically

accruing interest, yet it did not make any of those disclosures in violation of 1692e.

55. Failure to disclose such a waiver of the automatically accrued interest is in of itself deceptive and "misleading" within the meaning of Section 1692e.

56. Defendant knew that the balance would increase due to interest.

57. "Applying these principles, we hold that Plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e… a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full." *Avila v. Riexinger & Assocs., LLC*, Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016)

58. The Plaintiff and the unsophisticated consumer would be led to believe that the "Balance Due [of] $9,743.37" would remain as is and that paying the amount due would satisfy the debt irrespective of when payment was remitted.

59. Absent a disclosure by the holder of the debt that the automatic interest is waived, the Defendant and or the creditor could still seek the automatic interest . . . , or sell the consumer's debt to a third party, which itself could seek the interest and from the consumer. *Avila*, at *10-11.

60. A debt-collector must disclose that interest is accruing, or in the alternative, it must disclose any such waiver.

61. Waiver of interest even when made explicitly, has not prevented debt-collectors from continuing to illegally charge the waived interest, at the bare minimum a debt collector must make clear to the least sophisticated consumer that it intends to waive the interest.

62. A consumer who pays the "Balance Due [of] $9,743.37" stated on the collection letter will be left unsure whether the debt has been paid in full, as the Defendant could still collect on any

10

interest accumulated after the letters were sent but before the balance was paid.

63. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) for misrepresenting the

amount of the debt owed by the Plaintiff.

64. Defendant's letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) of the

FDCPA for the use of any false representation or deceptive means to collect or attempt to

collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

**Third Count**
**Violation of 15 U.S.C. §§ 1692e, 1692f** *et seq*
**The Charging of Unlawful Fees**

65. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

numbered "1" through "64" herein with the same force and effect as if the same were set

forth at length herein.

66. Collection letters such as those sent by defendant are to be evaluated by the objective

standard of the hypothetical "least sophisticated consumer."

67. Section 1692e(10) states that:

A debt collector may not use any false, deceptive, or misleading representation or means in
connection with the collection of any debt…. the following conduct is a violation of this
section:

(10) the use of any false representation or deceptive means to collect or attempt to collect any
debt or to obtain information concerning a consumer.

68. Section 1692f(1) states that:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect
any debt. Without limiting the general application of the foregoing, the following conduct is a
violation of this section:

(1)  The collection of any amount (including any interest, fee, charge, or expense incidental to
     the principal obligation) unless such amount is expressly authorized by the agreement
     creating the debt or permitted by law.

69. That Defendant attempts to recover "Interest Due" ("Interest and other charges") of $679.45

is improper.

11

70. That said "Interest and other charges" is a fee charged and collected by Defendant.

71. That same is not expressly authorized by any agreement that Plaintiff has with the original creditor.

72. That the "Interest and other charges" is not permitted by any applicable law.

73. That, as and for an alternative, Defendant retains all or a portion of the "Interest and other charges."

74. That Defendant's retention of all or a portion of the "Interest and other charges" is not expressly authorized by any agreement that plaintiff has with the original creditor.

75. That Defendant's statement in its collection letter regarding the "Interest and other charges" is an attempt to collect an amount which is not permitted by the FDCPA, § 1692f (1).

76. That Defendant's statement in its collection letter regarding the "Interest and other charges" constitutes an unfair and unconscionable means used by Defendant in its attempt to collect a debt, in violation of the FDCPA, including but not limited to § 1692f (1).

77. That further, Defendant's statement in its collection letter regarding the "Interest and other charges" also falsely represents the compensation which may be lawfully received by Defendant for the collection of the debt, in violation of the FDCPA, including but not limited to Section 1692e and 1692e(2)(B).

78. That Defendant's statement in its collection letter regarding the "Interest and other charges" constitutes a false, deceptive, and misleading representation or means used by Defendant in connection with the collection of a debt, in violation of §§1692e and 1692e(10).

79. That further, Defendant's statement in its collection letter regarding the "Interest and other charges" is a threat to take an action that cannot be legally taken, viz., to add a fee that is not authorized by any law or by the agreement between Plaintiff and the original creditor which created the alleged debt, and is therefore a violation of the FDCPA, Section 1692e (5).

80. Defendant used false representation and deceptive means to attempt to collect $679.45 in "Interest and other charges" without evidencing the basis for the added fee in violation of 15 U.S.C. §§ 1692e, 1692e (2), 1692e (5), 1692e (10), and 1692f (1).

81. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

82. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Alan J. Sasson, Esq., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:    Brooklyn, New York
          February 27, 2017

Respectfully submitted,

By: /s/ Alan J. Sasson
Alan J. Sasson, Esq.
Law Office of Alan J. Sasson, P.C.
2687 Coney Island Avenue, 2nd Floor
Brooklyn, New York 11235
Phone:     (718) 339-0856
Facsimile: (347) 244-7178
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.


*/s/ Alan J. Sasson*
Alan J. Sasson, Esq.


Dated:    Brooklyn, New York
             February 27, 2017

14